BRnsnEgERHOKF, CM.
The plaintiff in error, Robert. Davis, was jointly indicted with Luke French and two others, for burglary and larceny, in breaking into the dwelling and stealing the money of Walter W. French. On the motion of Davis he was accorded a separate trial; and on the trial the testimony of Walter W. French, the prosecuting witness, showed, in substance, that his house was broken and entered by four men, between twelve and one o’clock at night, himself seized, bound, and held in custody by some of them, while the others broke open his safe, and stole from it a large sum of money. That the men were masked, so that he could not distinguish their faces ; but, from his observations as to the size, shape, build, and voices of the, men, he testified to a strong belief op his part that one of them was Davis, and to a still stronger and more confident belief that another one of them was Luke French, a co-defendant in the indictment, but not then on trial, The accused parties all resided at Richmond, Indiana — some fourteen miles from the place where the crime was committed; and evidence, though objected to, was admitted and given, tending to prove that Davis, Lube French, and others of the accused, were seen in company with each other, engaged in secret conference, and acting mysteriously, during the evening preceding the burglary. Also to prove that a carriage drawn by two horses had been rapidly driven' that night between Richmond and about a quarter of a mile from the place of the burglary, and there hitched; and that a carriage rug had been found the following morning on the road to Richmond, not far from the place of the burglary; and to this was added evidence tending to identify the rug as one fitting to a carriage belonging to a brother of Luke French, who kept a. livery stable in Richmond.
This and other evidence having been given, tending to es *221 tablish the allegations of the indictment against Davis, the prosecution rested,’ and thereupon, among other things, counsel for the defence offered evidence tending to prove that Luke French was at Richmond at so late an hour of the night during which the crime was committed, that he could not have been present and participating in it ,* or, in other words, to prove, substantially, an alibi as to him. This evidence being objected to on the part of the prosecution, was excluded by the court; and this ruling, among other things, is assigned for error.
We are of opinion that the evidence given by the State, tending to connect Davis and Luke French with each other in the commission of the crime, charged against them, was competent, and would be on the separate trial of either of them. But it was evidence tending necessarily to damage the case of Davis, and he had the right to rebut it, and to j)rove, if he could, that Luke French did not participate in the crime, and so relieve himself from the effect of the fact that he had been seen consorting with him.
We see no other error in the record and proceedings.
Judgment reversed, new trial awarded, and cause remanded.
Scott, Welch, White, and Day, JJ., concurred.